WALLACE CLARK CO., INC. *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided July 29, 1938)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*William J. Vitals*, special attorney), for the defendant.

---

C. D. 23.

Before Cline, Evans, and Keefe, Judges; Evans, J., not participating

Keefe, Judge: We have before us here the classification of certain explosives imported from China under the name of Chinese runners. The collector classified them as firecrackers under paragraph 1515 at 25 cents per pound. The plaintiff claims that the articles are properly classifiable under the same paragraph as fireworks at 12 cents per pound. The paragraph of the Tariff Act of 1930 involved provides as follows:

Par. 1515. Firecrackers more than five-sixteenths of one inch outside diameter, or more than one and three-quarters inches in length, 25 cents per pound; all other firecrackers, 8 cents per pound; bombs, rockets, Roman candles, and fireworks of all descriptions, not specially provided for, 12 cents per pound; the weight on all the foregoing to include all coverings, wrappings, and packing materials.

The importer testified at the trial that firecrackers, as commercially known in the trade, consisted of articles chiefly and specifically designed to make a loud bang immediately after igniting the fuse by means of a single explosion causing the article to be blown to pieces; that fireworks consisted of articles designed to make a display or movement and not necessarily a noise; that the article involved here is designed purposely to be propelled along the ground or the sidewalk for a distance of twenty-five or thirty feet; that the primary purpose is that the force produced by igniting it will propel it from one place to another as a display and that it is not designed as a noisemaker; that when this article is ignited it moves along the ground for a distance of twenty-five or fifty feet and in starting makes a slight noise and then there is another noise when it stops.

The witness further testified that he has been dealing in fireworks and firecrackers for twenty-five years and has bought and sold the same in wholesale quantities throughout the United States during that period; that during such period the commercial meaning of "firecracker" had not changed; that the article in question is different from firecrackers and designed for a different purpose; that he has bought and sold the article in question under the trade names of "Chinese runners" or "nigger chasers"; and that they are fireworks.

Upon cross-examination the witness further testified that he merely furnished the manufacturer with a sample of a domestic article and specified just how the imported article to be made similar thereto was to function; that he had nothing to do with the manufacture of the articles; that he did not know the construction thereof or what constituted the contents; that the instant importation was the first he had received and none had been sold; and that he had no personal knowledge as to whether these particular articles would be termed fireworks or firecrackers in the general trade of the United States.

In reference to the performance of the particular articles, the witness testified, record p. 19, that: "We cannot say what any one of these things will do."

A package of samples of the Chinese runners was admitted in evidence. The article is ½ inch in diameter and 2¾ inches long, having a black paper wrapping with the inscription "Chinese Runner." At one end a fuse protrudes. Upon removing the black paper cover, the contents are found to be in two parts. The forward portion with the fuse is in the shape of a firecracker 1¾ inches long, having a gray paper wrapper. The rear portion is in the form of a firecracker, composed of red paper and 1 inch long, also having a fuse which extends into the rear of the forward portion. Upon splitting each of these cylinders it is found that the forward portion is filled with black powder to which the fuse is connected and that the fuse in the rear cylinder contacts the powder at the rear thereof. The powder in the rear cylinder is light gray in color. Upon igniting several of these articles they were found to explode with considerable noise. The explosion of the rear cylinder immediately followed that of the first cylinder and was about equal in intensity. There was no display of the article running along the ground. When broken apart and ignited separately, each of the cylinders exploded in the same manner and with equal intensity to an ordinary firecracker.

From a consideration of the evidence and an examination of the sample we are of the opinion that the classification of the collector is correct.