BEFORE THE THIRD DIVISION, SEPTEMBER 12, 1939

**No. 42091.**—Protest 948446–G of F. L. Kraemer & Co. (New York).

KEEFE, Judge: The merchandise before us consists of articles described upon the invoice as Nigga chasers. The collector assessed duty thereon at 25 cents per pound under paragraph 1515, Tariff Act of 1930, as firecrackers. The plaintiffs claim that the articles are fireworks and dutiable at only 12 cents per pound under the same paragraph, or as firecrackers, dutiable at 8 cents per pound thereunder.

At the trial it was established that the article consists of three parts, as follows: The forward part is a fuse entering a small cylinder filled with black powder, the said cylinder containing black powder with a fuse at the end thereof which connects with a small cylinder at the rear filled with an explosive, both cylinders being covered with a paper cylinder joining them together. The cylinder at the rear was admitted to be a small firecracker. The small cylinder in the forward portion containing the black powder did not have explosive qualities. The purpose thereof was to propel the article over the ground when the powder therein had been ignited by the fuse causing the powder to exert the propelling force until it ignited the fuse attached to the firecracker in the rear, when the article exploded with a loud noise. One of the witnesses testified that he had tested 20 of the articles at his home to find out their reaction and that, after igniting, the articles were propelled along the ground from 2 to 40 feet, or an average of 14 feet. In the courtroom one of the articles was taken apart and the rear portion ignited. It exploded with a loud noise. The article as imported was ignited and it traveled along the floor with a sizzling noise for about 10 or 15 feet and then exploded.

The importer contends that the ignition of the Nigga chasers in question produces an amusing scenic effect and therefore is more accurately described as a

firework than as a firecracker. The Government contends that the display contemplated by the common meaning of fireworks is one which carries with it the idea of a pleasing or beautiful color arrangement of lights, sparks, flares, and rockets, and that the display produced by the Nigga chasers moving over the ground is not within the meaning of fireworks.

In the case of *Clark* v. *United States*, C. D. 23, we had a similar article before the court, imported under the name of Chinese runners. As in the case at bar a black paper cover connected together two small cylinders. When the cylinders were separated and ignited, each exploded with a loud noise, and when ignited in their imported condition there was no display except two separate explosions, one immediately following the other. The Chinese runners were found to be nothing more than two firecrackers connected together into one unit, and it was held that they were dutiable as firecrackers rather than fireworks.

The merchandise before us is entirely different. The forward portion when ignited does not explode but is effective in producing a display of carrying the object over the ground for some distance before the firecracker at the rear of the article is ignited and explodes. We are of the opinion that articles of the nature of the Nigga chasers at issue are something more than firecrackers, and under the common meaning would be more properly classed as fireworks than as mere firecrackers.

Judgment will therefore be entered in favor of the plaintiffs directing the collector to reliquidate the entry and assess duty upon the Nigga chasers in question under paragraph 1515 at 12 cents per pound as fireworks rather than at 25 cents per pound as firecrackers, and to make refund accordingly.