(C.D. 3144)

M. PRESSNER & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 9, 1967)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* and *Murray Sklaroff* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Andrew P. Vance* and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: In this action, we are called upon to determine whether the tariff provision for firecrackers embraces certain imported

articles invoiced as "small rockets." This merchandise has been assessed with duty at the rate of 20 per centum ad valorem as manufactures, wholly or in chief value of cotton, not specially provided for, other, pursuant to the provisions of paragraph 923 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877. It is claimed to be properly dutiable at 8 cents per pound as all other firecrackers within the purview of paragraph 1515 of said tariff act.

The parties have submitted this case for decision upon an agreed statement of facts which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the items invoiced as "small rockets", covered by the protests enumerated above, and assessed for duty at 20 per centum ad valorem under the provisions of paragraph 923, Tariff Act of 1930, as modified, are claimed properly classifiable under paragraph 1515, Tariff Act of 1930, at 8 cents per pound, as firecrackers.

2. That the annexed samples may be received in evidence as collective Exhibit 1, representative of the merchandise involved herein.

3. That Exhibit 1 is not over $\frac{5}{16}''$ outside diameter and not over $1\frac{3}{4}''$ long.

4. That when the two ends of the string protruding from Exhibit 1 are pulled, a loud report is produced.

5. That the parties have no objection to the Court's use of said exhibit in deciding the issue herein.

6. That one of the "small rockets" which compose collective Exhibit 1 be sent to the United States Customs Laboratory for a determination of the matter contained therein. Said laboratory report may be received in evidence as Exhibit 2 and the case submitted thereon.

7. That all other claims are abandoned.

8. That the plaintiff be given 60 days from the date that said laboratory report (Exhibit 2) is returned to this Court, to file a brief, and the defendant be given 60 days thereafter in which to reply.

Plaintiff's exhibit 2, the United States Customs Laboratory analysis of the transmitted sample, reports the following:

The rockets have the following approximate composition by weight:

1. Cotton cord, 17 inches in length, composed of 3 plied cotton yarns, each of which is made by twisting together 3 single cotton yarns.

2. Paper $1\frac{1}{2}$ by $2\frac{3}{4}$ inch rectangle, having a thickness of 0.0025 inch and consisting essentially of bleached, chemical wood pulp.

3. Explosive material, a black powder, composed essentially of potassium chlorate with small amounts of antimony, silicon, sulfur, phosphorous, calcium and/or salts thereof.

It is evident from the foregoing, which comprises the entire record in this case, that the presumptively correct characterization of the merchandise at bar as manufactures wholly or in chief value of cotton is not being challenged. What is in issue here is whether these articles, notwithstanding their component material of chief value, are, nevertheless, more specifically provided for in paragraph 1515, *supra*, as firecrackers.

Since no attempt has been made to establish a commercial meaning for the provision in question, different from its common meaning, it is the common meaning of the word "firecrackers" which must here be ascertained. *United States* v. *Florea & Co., Inc.*, 25 CCPA 292, T.D. 49396. Common meaning of a statutory term is matter of law to be determined by the court. *United States* v. *Victoria Gin Co., Inc., et al.*, 48 CCPA 33, C.A.D. 759. In finding such meaning, the court is authorized to consult standard dictionaries and other authoritative writings. It may also draw upon its own general understanding of the intendment of the language in issue, or receive evidence with respect thereto, although such evidence may be advisory only. *United States* v. *O. Brager-Larsen*, 36 CCPA 1, C.A.D. 388; *United States* v. *John B. Stetson Co.*, 21 CCPA 3, T.D. 46319.

In contending that the articles at bar are firecrackers, counsel for plaintiff has adverted to the Encyclopaedia of Chemical Technology (1953) by Kirk-Othmer and the Encyclopaedia Britannica, for their respective dissertations on the subject of pyrotechnics, as well as to several cases decided by this court on the subject of the distinctions which exist between fireworks and firecrackers.[1] Seemingly on the basis of these statements, in the light of the characteristics of the articles in controversy, counsel for plaintiff has drawn the conclusion that a firecracker is "an article which upon explosion creates a loud report caused by the chemical interaction of oxidizing agents, fuels, modifiers and binders, these materials being enclosed in a paper cylinder," and, since exhibit 1 possesses these essential features, it is a firecracker.

The flaw in this line of reasoning is that it overlooks the primary issue which is involved in this case. We are not here concerned with the meaning of "pyrotechnics," or of "fireworks." The word under consideration is "firecrackers," and it seems obvious that, before any attempt is made to find a meaning for that word by construction of similar language, we ought to consider how it is defined in standard lexicons.

[1] *Balfour, Guthrie & Co.* v. *United States*, 65 Treas. Dec. 476, T.D. 46954; *Wallace Clark Co., Inc.* v. *United States*, 1 Cust. Ct. 79, C.D. 23; and *F. L. Kraemer & Co.* v. *United States*, 3 Cust. Ct. 382, Abstract 42091.

The following three definitions have been called to our attention by counsel for defendant:

The Century Dictionary and Cyclopedia, 1913:

A species of firework consisting of a paper cylinder filled with a preparation of gunpowder, etc. stopped at each end, *furnished with a fuse*, and discharged for the sake of the noise of its explosion. It is of Chinese make. [Italics added.]

Funk & Wagnalls New Standard Dictionary, 1956:

A firework consisting of a small sealed paper cylinder charged with gunpowder, having a short paper-string *fuse* by which it is exploded: of Chinese origin. [Italics added.]

Webster's New International Dictionary, second edition, 1956:

A cylinder, usually of thick paper, containing an explosive *and a fuse*, and discharged to make noise, esp. for joyous celebrations. [Italics added.]

Other dictionaries which we have consulted likewise describe a firecracker as a cylinder whose explosive charge is activated by the lighting of a fuse, and, indeed, by its very name, it is reasonable to assume that a firecracker is an article which combines the elements of fire and noise in its ultimate use.

We believe this conclusion is implicit in the cases cited, *supra*, wherein the court was required to distinguish between the statutory terms "fireworks" and "firecrackers."

In the *Balfour, Guthrie* case, *supra*, the merchandise was described as "flash bombs." It had been classified as "firecrackers" but was claimed to be "fireworks." In describing the article in controversy, the court stated it "resembles in appearance a large firecracker. The *usual fuse*, however, is not located at one end of the article. It protrudes from about the center of the cylinder and is less than an inch in length" [italics added]. For the reason that the explosive action of the article was, by its construction, delayed until after the flash bomb was propelled into the air and that these articles were bought and sold as fireworks, rather than as firecrackers, the court held them to be fireworks, as claimed.

The article in the *Wallace Clark* case, *supra*, was described as a Chinese runner. It consisted of a cylinder embracing two parts, each filled with an explosive powder and each having a connecting fuse. Since the article was shown to serve no other purpose than to explode twice in succession, but in the same manner and with equal intensity, it was held to be an ordinary firecracker.

A similar article which was designed to be propelled along the ground when the powder in its forward portion was ignited by a fuse

and, thereafter, to explode with a loud noise when a second fuse was ignited was held to be more properly provided for as fireworks than as firecrackers in the *Kraemer* case, *supra*.

In each of the cited cases, the presence of a fuse, which served as the means of igniting the explosive, appears to have been an assumed prerequisite of what constitutes a firecracker, and we are of opinion that, in the absence of this feature, a noisemaker, whether or not containing an explosive charge, is not a firecracker as that word is commonly defined.

In view of the foregoing considerations, we find the contentions of the plaintiff in this case to be without merit. All claims in the protests are, therefore, overruled.

Judgment will be entered accordingly.