(C.D. 3823)

M. Pressner & Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided on rehearing [C.D. 3144], May 14, 1969)

*Siegel, Mandell & Davidson* (*Allan Kamnitz* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Sheila N. Ziff* and *Peter Jay Baskin*, trial attorneys), for the defendant.

Before Rao and Ford, Judges

---

[2] In view of this conclusion, it is unnecessary to reach the question as to whether a meter iris is itself an "apparatus."

RAO, Chief Judge: The issues in this case were originally before the court in *M. Pressner & Co., Inc.* v. *United States*, 59 Cust. Ct. 294, C.D. 3144, and are now before us pursuant to an order granting a rehearing.

The merchandise consists of so-called small rockets, that is, cylinders not over 1¾ inches long and not over 5/16 of an inch in diameter, containing an explosive powder which discharges with a loud noise when cotton strings attached to either end are pulled in opposite directions. It was assessed with duty at 20 per centum ad valorem under paragraph 923 of the Tariff Act of 1930, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, as manufactures wholly or in chief value of cotton. It is claimed to be properly dutiable at 8 cents per pound under paragraph 1515 of said tariff act, as other firecrackers.

In our original decision we held that the articles were not firecrackers within the intendment of paragraph 1515 since they lacked fuses and were not activated by being ignited.

This case has been resubmitted on the record as originally made, which plaintiff claims establishes that the merchandise contains a fuse within the common meaning of that term and that it has the other elements necessary to constitute a firecracker. Plaintiff concedes that the explosive charge is not activated by *lighting* a fuse but contends that a device detonated by other means is a fuse. The following definition from Webster's New International Dictionary (2d edition) is relied upon:

fuse * * * 1. Any of various devices, as a tube, casing, cord, or the like, filled or impregnated with combustible matter, or a kind of detonator, by means of which an explosive charge is ignited, as in firing a cannon, blasting, exploding a shell, etc. Fuses may be classified according to the manner of ignition, as *chemical fuse,* in which are brought together substances which by their chemical union, produce ignition; *concussion* or *percussion* fuse, producing explosion by concussion; *electric fuse,* fired electrically; *friction fuse,* ignited by frictional heat; *time fuse,* arranged so as to fire the charge after a certain definite interval of time has elapsed; *combination fuse,* a combination of the percussion and time fuses. Fuses for projectiles are classified according to position, as *base and point fuses.*

Defendant urges, without conceding that the imported merchandise has a fuse, that to constitute a firecracker, the fuse must be of the type that is lighted or ignited.

In our original decision, we stated (p. 297):

Other dictionaries which we have consulted likewise describe a firecracker as a cylinder whose explosive charge is activated by the light-

ing of a fuse, and, indeed, by its very name, it is reasonable to assume that a firecracker is an article which combines the elements of fire and noise in its ultimate use.

Particular note is taken of the definition in the 1930 edition of Webster's New International Dictionary, which reflects the meaning of the term at the time the Tariff Act of 1930 was enacted:

firecracker * * * A cylinder, usually of paper, containing an explosive and a *fuse to be lighted by hand*, discharged to make a noise, esp. on festivals, such as Independence Day in the United States. [Emphasis supplied.]

See also The Encyclopedia Americana (vol. 23, p. 45), describing firecrackers as—

small paper cylinders having a charge of gunpowder *ignited by a fuse*. Nearly all of these are confined in cylindrical pasteboard cases, with a fuse of paper cord enclosing a fire train of *quick-burning powder*. * * * [Emphasis supplied.]

The Kirk-Othmer Encyclopedia of Chemical Technology (vol. 11, p. 334) states in an article on pyrotechnics:

Fuses consisting of a cotton tube woven around a column of finely divided black powder are used in cannon crackers and sometimes in small bombshells. These fuses *burn* along the center core of black powder at a speed of about 1 inch in 3 seconds. [Emphasis supplied.]

In *Wallace Clark Co., Inc.* v. *United States*, 1 Cust. Ct. 79, C.D. 23, the articles held to be firecrackers were ignited. As stated by the court, the witness testified that—

firecrackers, as commercially known in the trade, consisted of articles chiefly and specifically designed to make a loud bang immediately after igniting the fuse by means of a single explosion causing the article to be blown to pieces; * * *.

See also *Balfour, Guthrie & Co.* v. *United States*, 65 Treas. Dec. 476, T.D. 46954, and *F. L. Kraemer & Co.* v. *United States*, 3 Cust. Ct. 382, Abstract 42091, in which the discussion indicates that articles deemed to be firecrackers had fuses which were to be ignited.

The articles involved herein are not activated by the lighting of a fuse. They are not ignited, that is kindled or set on fire. They are described on the invoices as "small rockets" and not as "firecrackers". No evidence has been presented to show that they are bought, sold, and known as firecrackers in the United States. We conclude that they are not firecrackers within the meaning of the tariff act or as commonly understood.

The protests are overruled and judgment will be entered for the defendant.